UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-24202-BLOOM/Otazo-Reyes

CHARISSE T. STAGGERS,

    Plaintiff,

v.

INTERNATIONAL LONGSHOREMEN'S
ASSOCIATION,

    Defendant.
_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant International Longshoremen's Association Local 1416's ("Defendant") Motion to Dismiss the Amended Complaint or Alternatively, Motion for More Definite Statement. ECF No. [15] ("Motion"). *Pro se* Plaintiff Charisse Staggers ("Plaintiff") filed a response in opposition, *see* ECF Nos. [17] & [18] ("Response"), and Defendant replied, ECF No. [21] ("Reply"). The Court has carefully reviewed the Motion, all opposing and supporting submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, Defendant's Motion is granted.

**I. BACKGROUND**

On October 13, 2020, Plaintiff initiated this action against Defendant for employment discrimination. ECF No. [1]. Further, on December 15, 2020, Plaintiff filed her First Amended Complaint, ECF No. [13] ("Amended Complaint"),[1] which purports to assert various claims of employment discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"),

---

[1] Once Plaintiff filed her Amended Complaint, this Court denied as moot the motion to dismiss that was pending against the initial complaint. *See* ECF No. [14].

42 U.S.C. § 2000e, *et seq.*, the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, *et seq.*, the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12112, *et seq.* ECF No. [13] at 3. Specifically, Plaintiff's Amended Complaint notes that Defendant engaged in a variety of discriminatory conduct that is ongoing—including failing to promote her, setting unequal terms of employment for her, and retaliating against her—due to her race, skin color, and gender/sex. *Id.* at 4. In addition, although the Amended Complaint does not independently set forth any single cause of action against Defendant, Plaintiff nonetheless appends seventeen pages of facts that she contends are applicable to "all counts." *Id.* at 7-23.

In the instant Motion, Defendant moves to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) because it is an impermissible shotgun pleading and because it fails to establish that Plaintiff's initiation of this lawsuit was timely (i.e., within ninety days of receipt of the Equal Employment Opportunity Commission's ("EEOC") right-to-sue letter. Defendant alternatively moves, pursuant to Federal Rule of Civil Procedure 12(e), for a more definite statement of the claims Plaintiff is attempting to raise and the specific factual allegations relevant to each claim. Plaintiff opposes the Motion, arguing that this action was timely brought, as demonstrated by the date on the Notice of Right to Sue, ECF No. [17-1] ("Right to Sue"), attached to her Response. She also maintains that the Amended Complaint satisfies all pleading requirements, especially when affording due leniency to a *pro se* litigant, because the statement of facts sets forth pertinent allegations that relate to the various causes of action asserted. Finally, in its Reply, Defendant contends that the Amended Complaint should be dismissed with prejudice because, upon reading Defendant's initial motion to dismiss, Plaintiff was on notice of the pleading deficiencies in her original complaint, yet she failed to correct these deficiencies when filing her Amended Complaint.

## II. LEGAL STANDARD

### A. Motion to Dismiss Under Rule 12(b)(6)

Federal Rule of Civil Procedure 8 requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a pleading "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). In the same vein, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. These elements are required to survive a Rule 12(b)(6) motion, which requests dismissal for "failure to state a claim upon which relief can be granted."

When reviewing a motion under Rule 12(b)(6), a court generally must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in plaintiff's favor. *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration All.*, 304 F.3d 1076, 1084 (11th Cir. 2002). Yet, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). Indeed, "courts may infer from the factual allegations in the complaint 'obvious alternative explanations,' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 682). In

the Rule 12(b)(6) context, a plaintiff's pleadings should be read as a whole. *See Speaker v. U.S. Dep't of Health & Hum. Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1383 (11th Cir. 2010) (interpreting specific language in complaint within the context of the entire complaint).

In addition, at the dismissal stage, courts are also generally limited to the facts contained in the complaint and attached exhibits. *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *see also Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 n.3 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity." (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002))). Nonetheless, a court's "duty to accept the facts in the complaint as true does not require [it] to ignore specific factual details of the pleading in favor of general or conclusory allegations." *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205-06 (11th Cir. 2007). Rather, "[w]here exhibits are submitted that contradict the alleged facts, the exhibits control, despite [courts'] construction of facts in favor of their truth." *Celestine v. Cap. One*, 741 F. App'x 712, 713 (11th Cir. 2018) (citing *Griffin Indus., Inc.*, 496 F.3d at 1206); *see also Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974)[2] ("Conclusory allegations and unwarranted deductions of fact are not admitted as true, especially when such conclusions are contradicted by facts disclosed by a document appended to the complaint. If the appended document, to be treated as part of the complaint for all purposes under Rule 10(c), Fed. R. Civ. P., reveals facts which foreclose recovery as a matter of law, dismissal is appropriate.").

Moreover, it is well established that "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v.*

---

[2] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981), the Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the Court of Appeals for the Fifth Circuit issued prior to October 1, 1981.

4

*United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). This leniency, however, does not confer on *pro se* litigants "a right to receive special advantages not bestowed on other litigants. [*Pro se* litigants] must, for example, abide by local rules governing the proper form of pleadings." *Procup v. Strickland*, 760 F.2d 1107, 1115 (11th Cir. 1985). Further, courts cannot serve as *de facto* counsel for an unrepresented party and they cannot rewrite a deficient pleading for the sake of sustaining an action. *Jarzynka v. St. Thomas Univ. of Law*, 310 F. Supp. 2d 1256, 1264 (S.D. Fla. 2004). Nor can courts simply "fill in the blanks" to infer a claim where none exists, *Brinson v. Colon*, No. CV411–254, 2012 WL 1028878, at *1 (S.D. Ga. Mar. 26, 2012), as "it is not the Court's duty to search through a plaintiff's filings to find or construct a pleading that satisfies Rule 8," *Sanders v. United States*, No. 1:08-cv-0190-JTC, 2009 WL 1241636, at *3 (N.D. Ga. Jan. 22, 2009). *See also Bivens v. Roberts*, No. 208CV026, 2009 WL 411527, at *3 (S.D. Ga. Feb. 18, 2009) ("[J]udges must not raise issues and arguments on plaintiffs' behalf, but may only construe pleadings liberally given the linguistic imprecision that untrained legal minds sometimes employ." (citing *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008))). Ultimately, in determining whether a *pro se* litigant has stated a claim, "the court ought not penalize the litigant for linguistic imprecision in the more plausible allegations," while keeping in mind that "wildly implausible allegations in the complaint should not be taken to be true." *Miller*, 541 F.3d at 1100.

### B. Motion for More Definite Statement Under Rule 12(e)

Under Federal Rule of Civil Procedure 12(e), "a party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). As courts liberally construe the pleading standard under Rule 8(a), "a short and plain statement" will be enough unless, upon motion, it is shown that the pleading "is so ambiguous that a party cannot

reasonably" respond. *Betancourt v. Marine Cargo Mgmt., Inc.*, 930 F. Supp. 606, 608 (S.D. Fla. 1996); *see also Anderson v. Dist. Bd. of Tr.*, 77 F.3d 364, 366 (11th Cir. 1996) (stating that a motion for more definite statement is appropriate when a complaint renders it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief"); *Hernandez v. Two Bros. Farm, LLC*, 579 F. Supp. 2d 1379, 1381-82 (S.D. Fla. 2008).

Most courts, however, "disfavor the use of Rule 12(e)," and such motions "should not be used as a means of discovery." *Royal Shell Vacations, Inc. v. Scheyndel*, 233 F.R.D 629, 630 (M.D. Fla. 2005); *see also* Fed. R. Civ. P. 12 advisory committee's note to 1946 amendment (noting that a motion under Rule 12(e) "is confined to one for more definite statement to be obtained only in cases where the movant cannot reasonably be required to frame an answer or other responsive pleading to the pleading in question."). A motion for more definite statement has thus been characterized as intending "to provide a remedy for an unintelligible pleading, rather than a vehicle for obtaining greater detail." *In re Reliance Fin. & Invs. Grp., Inc.*, No. 05-80625-CIV, 2006 WL 3663243, at *6 (S.D. Fla. Nov. 14, 2006) (citations omitted). "As such, motions for more definite statement are rarely granted." *Id.*

**III. DISCUSSION**

Defendant moves to dismiss, arguing that (1) this suit was not timely filed upon Plaintiff's receipt of the Right to Sue, and (2) the Amended Complaint is an improper shotgun pleading. Defendant also requests, in the alternative, that Plaintiff be required to provide a more definite statement of her asserted claims. The Court will address each argument in turn.

**A. Untimeliness**

Addressing Defendant's argument that this action is untimely, Defendant asserts that the Amended Complaint's allegations demonstrate that Plaintiff received the Right to Sue more than

ninety days prior to the initiation of this action on October 13, 2020.[3] Plaintiff, on the other hand, states that this suit was timely filed within the ninety-day period, and appends the Right to Sue to her Response, which reflects a mailing date of July 13, 2020. *See* ECF No. [17-1].[4]

Ironically, Defendant's argument here—namely, that the untimeliness of this suit is conclusively apparent from the face of the Amended Complaint—relies entirely upon various inconsistencies across the dates alleged. Yet, rather than providing support for its position on timeliness, as Defendant believes, these factual contradictions further call the timeliness issue into question. Moreover, resolution of such a factual dispute at the motion-to-dismiss stage would be improper and the Court declines to do so.

Additionally, as explained above, a court's "duty to accept the facts in the complaint as true does not require [it] to ignore specific factual details of the pleading in favor of general or conclusory allegations." *Griffin Indus., Inc.*, 496 F.3d at 1205-06. Instead, "[w]here exhibits are submitted that contradict the alleged facts, the exhibits control, despite [courts'] construction of facts in favor of their truth." *Celestine*, 741 F. App'x at 713 (citing *Griffin Indus., Inc.*, 496 F.3d at 1206). In light of these principles, the Court finds that the date memorialized on the Right to Sue is controlling, especially where, as here, the exhibit contradicts the more general factual allegations in the Amended Complaint with specific documentary support. *See Miccosukee Tribe of Indians of Fla.*, 304 F.3d at 1084 (noting that, under Rule 12(b)(6), a court generally must accept

---

[3] Defendant relies upon the following allegations in the Amended Complaint in support of its argument: (1) Plaintiff received the Right to Sue on June 13, 2020, ECF No. [13] at 5; (2) Plaintiff e-mailed the EEOC investigator to request the Right to Sue on June 19, 2020, *id.* at 22, ¶ 167; and (3) Plaintiff received the Right to Sue from the EEOC on July 1, 2020, *id.* at 22, ¶ 168.

[4] Because Plaintiff attaches the Right to Sue to her Response, and because the parties seemingly concede that the document is both central to Plaintiff's claims and undisputed in terms of its authenticity, the Court concludes that it may properly consider the Right to Sue in resolving Defendant's Motion. *See Wilchombe*, 555 F.3d at 959; *Maxcess, Inc.*, 433 F.3d at 1340 n.3; *Horsley*, 304 F.3d at 1135.

the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in plaintiff's favor). Further, to the extent that Defendant attempts to argue that the date noted on the attached Right to Sue is not relevant to the timeliness inquiry because the letter Plaintiff attached was a subsequent letter of reconsideration, rather than the initial letter received, the Court finds this argument to be without merit. Defendant has pointed to no portion of the Amended Complaint, or the record as a whole, to support the speculative suggestion that Plaintiff received an additional, earlier right-to-sue letter that would govern the Court's analysis.

The Court concludes that Plaintiff has sufficiently stated a claim supporting the timeliness of this suit. As such, Defendant's Motion is denied as to this issue.

### B. Shotgun Pleading

Next, Defendant argues that the Court should dismiss Plaintiff's Amended Complaint because it is an improper shotgun pleading. Moreover, Defendant asserts that the failure to correct the preexisting deficiencies from Plaintiff's original complaint when filing her Amended Complaint warrants dismissal with prejudice. In her Response, Plaintiff disputes the contention that the Amended Complaint is a shotgun pleading that requires dismissal.

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim" that shows that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Complaints that fail to comply with these pleading standards are referred to as "shotgun pleadings." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit has identified four broad categories of shotgun pleadings:

> Though the groupings cannot be too finely drawn, we have identified four rough types or categories of shotgun pleadings. The most common type — by a long shot

> — is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

*Id.* at 1321-23 (footnotes omitted); *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348 (11th Cir. 2018).

Shotgun pleadings fail to make the connection between "the substantive count and the factual predicates . . . [such that] courts cannot perform their gatekeeping function with regard to the averments of [the claim]." *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279-80 (11th Cir. 2006); *see also Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 205 F.3d 1293, 1295 (11th Cir. 2002) (explaining that a shotgun pleading is one that contains "several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions"); *Pelletier v. Zweifel*, 921 F.2d 1465, 1517-18 (11th Cir. 1991) (describing such pleadings as "replete with factual allegations that could not possibly be material to any of the causes of action they assert"); *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008) (term also refers to pleadings that are "replete with factual allegations and rambling legal conclusions"); *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979-80 (11th Cir. 2008) (condemning shotgun pleading that bunched together "untold causes of action" in one count).

At the outset, the Court notes that Plaintiff's Amended Complaint fails to set forth her claims in accordance with federal pleading standards. In particular, Plaintiff has failed to set forth

any clearly delineated legal claims or any legal basis upon which her suit is based. *See* ECF No. [13]. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. (quoting *Twombly*, 550 U.S. at 570).

Adding insult to injury, the Amended Complaint falls into multiple shotgun pleading categories. First, the Amended Complaint is plagued with "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland*, 792 F.3d at 1322. Second, Plaintiff's Amended Complaint does not separate each cause of action or claim for relief into different counts or specify which claim applies to which Defendant. *Id.* at 1323. Nor does the Amended Complaint explain the specific acts or omissions for which Defendant is responsible. *Id.*

Critically, "[a]lthough the [Amended Complaint] enumerates the legal rights of which [Plaintiff] was allegedly deprived . . . it does not separate [her] claims by cause of action [or] draw any clear lines between the legal and factual bases for [her] claims[.]" *Toth v. Antonacci*, 788 F. App'x 688, 691 (11th Cir. 2019). Rather, Plaintiff's Amended Complaint is "replete with factual allegations that could not possibly be material to any of the causes of action [she] assert[s]," *Pelletier*, 921 F.2d at 1517-18, and it improperly bunches together all of Plaintiff's "untold causes of action" into one general, nondescript count, *Davis*, 516 F.3d at 979-80. Because Plaintiff's Amended Complaint fails to identify any of the claims asserted with sufficient clarity to enable Defendant to frame a responsive pleading, it must be dismissed as an improper shotgun pleading. *See Stevens v. Premier Cruises, Inc.*, 215 F.3d 1237, 1239 (11th Cir. 2000); *Toth*, 788 F. App'x at 691 (concluding that the district court did not abuse its discretion in dismissing a *pro se* plaintiff's amended complaint as an improper shotgun pleading after the plaintiff failed to correct the pleading deficiencies from the original complaint).

### C. Motion for More Definite Statement

Defendant alternatively requests that the Court order Plaintiff to amend her Amended Complaint to provide a more definite statement under Rule 12(e). As noted above, Rule 10(b) provides that a "party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The Rule also explains that "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense." *Id.* Moreover, as is the case here, "[w]hen faced with a shotgun pleading, a district court must order a litigant to replead for a more definite statement of the claim." *Luft v. Citigroup Global Markets Realty Corp.*, 620 F. App'x 702, 704 (11th Cir. 2015). Similarly, "a *pro se* plaintiff ordinarily must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Walters v. Sec'y, Fla. Dep't of Corr.*, 743 F. App'x 401, 403 (11th Cir. 2018) (citing *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001)).

As discussed, the Amended Complaint falls woefully short of the required pleading standards, and the Court concludes that it fails to allow Defendant any meaningful opportunity to "discern what [s]he is claiming and frame a responsive pleading." *Fikes v. City of Daphne*, 79 F.3d 1079, 1082 (11th Cir. 1996). Instead, Plaintiff's Amended Complaint is "so vague or ambiguous that [Defendant] cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Defendant's Motion is granted in this regard and the Court requires that Plaintiff amend her Amended Complaint to provide clarity as to what specific factual claims and causes of action she is asserting. **Plaintiff must set forth each individual cause of action in separate, clearly noted counts and must provide the legal grounds and the facts that support each of the counts alleged.** *See* Fed. R. Civ. P. 8(a) ("A pleading that states a claim for relief must contain: (1) a short and plain statement

of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.").

However, the Court strongly cautions Plaintiff that no further amendments will be permitted should she fail to cure the pleading deficiencies and comply with the procedural rules discussed in this Order.[5] These rules and requirements include independently setting forth each claim in numbered paragraphs, and each limited to a single set of factual circumstances. The failure to do so provides cause for dismissal. *See Giles v. Wal-Mart Distrib. Ctr.*, 359 F. App'x 91, 92-93 (11th Cir. 2009) (affirming dismissal of *pro se* amended complaint, which contained short unnumbered paragraphs, and which did not address each claim separately or identify which facts supported each claim). As noted in *Giles*, "[e]ven a *pro se* litigant is required to comply with the Federal Rules of Civil Procedure, particularly after being expressly directed to do so." *Id.* at 93; *see also Watkins v. Bigwood*, No. 18-cv-63035, 2020 WL 1166720, at *6 (S.D. Fla. Mar. 11, 2020).

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

---

[5] "Generally, when 'a more carefully drafted complaint' might state a claim, the plaintiff must be given a chance to amend before dismissal." *Hollis v. W. Acad. Charter, Inc.*, 782 F. App'x 951, 955 (11th Cir. 2019) (quoting *Bryant*, 252 F.3d at 1163). "However, the district court need not provide such an opportunity where the plaintiff has repeatedly failed to cure deficiencies in his complaint through previous amendments or where amendment would be futile." *Id.* (quoting *Bryant*, 252 F.3d at 1163). "When the amended complaint still fails to cure the deficiency, it may be subject to dismissal." *Embree v. Wyndham Worldwide Corp.*, 779 F. App'x 658, 662 (11th Cir. 2019); *see also Weiland*, 792 F.3d at 1320 (recognizing that a district court has the "inherent authority to control its docket and ensure the prompt resolution of lawsuits," which includes the ability to dismiss with prejudice a complaint that is a shotgun pleading); *Jackson*, 898 F.3d at 1358 (Implicit in a district court's order to replead is the "notion that if the plaintiff fails to comply with the court's order . . . the court should strike his pleading or, depending on the circumstances, dismiss his case and consider the imposition of monetary sanctions." (internal quotation marks omitted)). As such, dismissal of a shotgun pleading with prejudice is warranted where the plaintiff was previously given an opportunity to correct the defects but failed to do so. *See Stevens*, 215 F.3d at 1239; *Isbrandtsen Marine Servs., Inc. v. M/V INAGUA Tania*, 93 F.3d 728, 734 (11th Cir. 1996).

Case No. 20-cv-24202-BLOOM/Otazo-Reyes

1. Defendant's Motion, **ECF No. [15]**, is **GRANTED** consistent with this Order.

2. The Amended Complaint, **ECF No. [13]**, is **DISMISSED WITHOUT PREJUDICE**.

3. Plaintiff may file a second amended complaint that cures the pleading defects discussed in this Order **by no later than February 18, 2021**. Plaintiff's failure to timely file a second amended complaint that is consistent with the pleading requirements noted above will result in the dismissal of this action without further notice.

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 28, 2021.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Charisse T. Staggers
P.O. Box 471346
Miami, Florida 33247