UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-24202-BLOOM/Otazo-Reyes

CHARISSE T. STAGGERS,

    Plaintiff,

v.

INTERNATIONAL LONGSHOREMEN'S
ASSOCIATION,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court upon *pro se* Plaintiff Charisse Staggers's ("Plaintiff") Verified Motion for Reconsideration, ECF No. [25] ("Motion"), filed on March 4, 2021. Defendant International Longshoremen's Association Local 1416 ("Defendant") filed a Response in Opposition, ECF No. [26] ("Response"), and Plaintiff replied, ECF No. [27] ("Reply"). The Court has carefully reviewed the Motion, all opposing and supporting submissions, the record in this case, and the applicable law, and is otherwise fully advised. For the reasons set forth below, Plaintiff's Motion is denied.

On January 5, 2021, the Court ordered the parties to select a mediator pursuant to Local Rule 16.2, to schedule a time, date, and place for mediation, and to jointly file a proposed order scheduling mediation on or before January 26, 2021. ECF No. [16] ("Scheduling Order"). On January 26, 2021, Defendant filed a Notice of Plaintiff's Noncompliance with the Court's Scheduling Order, which explained that Defendant had attempted in good faith to comply with the requirements of the Scheduling Order by suggesting three mediators to Plaintiff, but that it had not received any response or communication from Plaintiff about the mediation. ECF No. [19].

On January 27, 2021, the Court issued an Order to Show Cause requiring that Plaintiff comply with the Court's Scheduling Order, confer with Defendant, and file a joint notice of mediator selection, as required by the Scheduling Order on or before February 1, 2021. ECF No. [20] at 1. The Order to Show Cause also cautioned that "**Plaintiff's failure to timely comply will result in the imposition of sanctions, including dismissal without prejudice without further notice**." *Id.* When Plaintiff failed to comply, the Court dismissed this action without prejudice on February 22, 2021. ECF No. [24]. In the instant Motion, Plaintiff argues that she met and conferred with defense counsel prior to the dismissal of this action to select a mediator but never heard back. Accordingly, it is Plaintiff's position that she was in compliance with this Court's order requiring the parties to select a mediator, and that reconsideration is warranted because dismissal "for failing to comply with technical requirements beyond her control[] is a clear and unambiguous manifest error of law and fact." ECF No. [25] at 1.

As an initial matter, "[p]ro se [filings] are held to a less stringent standard than [filings] drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). This leniency, however, does not confer on *pro se* litigants "a right to receive special advantages not bestowed on other litigants. [A *pro se* litigant] must, for example, abide by local rules governing the proper form of pleadings." *Procup v. Strickland*, 760 F.2d 1107, 1115 (11th Cir. 1985). "Indeed, while *pro se* [filings] must be liberally construed, [they] still must comply with the procedural rules governing the proper form of pleadings." *Meduty v. Ga. Dep't of Admin. Servs.*, 614 F. App'x 401, 402-03 (11th Cir. 2015) (citing *Tannenbaum*, 148 F.3d at 1263; *McNeil v. United States*, 508 U.S. 106, 113 (1993)); *see also Bivens v. Roberts*, No. 208CV026, 2009 WL 411527, at *3 (S.D. Ga. Feb. 18, 2009) ("[J]udges must not raise issues and arguments on plaintiffs' behalf, but may only construe pleadings liberally given the linguistic

imprecision that untrained legal minds sometimes employ." (citing *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008))). Further, courts cannot serve as *de facto* counsel for a *pro se* party. *Jarzynka v. St. Thomas Univ. of Law*, 310 F. Supp. 2d 1256, 1264 (S.D. Fla. 2004).

Turning to the question of whether reconsideration is appropriate, "courts have delineated three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Williams v. Cruise Ships Catering & Serv. Int'l, N.V.*, 320 F. Supp. 2d 1347, 1357-58 (S.D. Fla. 2004) (citing *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994)); *see also Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002). "[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Wendy's Int'l, Inc. v. Nu-Cape Const., Inc.*, 169 F.R.D. 680, 685 (M.D. Fla. 1996); *see also Campero USA Corp. v. ADS Foodservice, LLC*, 916 F. Supp. 2d 1284, 1290 (S.D. Fla. 2012). "[T]he movant must do more than simply restate his or her previous arguments, and any arguments the movant failed to raise in the earlier motion will be deemed waived." *Compania de Elaborados de Cafe v. Cardinal Cap. Mgmt., Inc.*, 401 F. Supp. 2d 1270, 1283 (S.D. Fla. 2003). Simply put, a party "cannot use a Rule 59(e) motion to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005). "A motion for relief under Rule 59(e) is a matter committed to the discretion of the district court." *Bland v. Alabama*, No. 2:15-cv-0029-MHH-JEO, 2016 WL 10930989, at *1 (N.D. Ala. Oct. 6, 2016) (citing *Stansell v. Revolutionary Armed Forces of Columbia*, 771 F.3d 713, 746 (11th Cir. 2014)).

Case No. 20-cv-24202-BLOOM/Otazo-Reyes

Upon review, the Court concludes that Plaintiff's Motion is due to be denied because it fails to present any explanation that would warrant the extraordinary relief requested here. Rather, the Motion attempts to further explain the course of the proceedings in this case, and the reason for Plaintiff's previous failure to comply with court orders, which resulted in dismissal of this action, to support her request for reconsideration. Although Plaintiff contends that she was in compliance with the requirements of this Court's Scheduling Order because she made one attempt to confer with defense counsel regarding the selection of a mediator, this mistaken understanding fails to explain her failure to comply with this Court's subsequent Order to Show Cause. Moreover, any alleged lack of response by defense counsel could have been raised prior to the dismissal of this action and such an assertion is therefore inappropriately presented on reconsideration. *See Michael Linet, Inc.*, 408 F.3d at 763. As such, the Court concludes that Plaintiff has failed to establish any proper basis for reconsideration, and the Motion is denied.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion, **ECF No. [25]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 25, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Charisse T. Staggers
P.O. Box 471346
Miami, Florida 33247